# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DEBORAH ROBINSON,

    Plaintiff,

v.                                                       Civil No. 05-1335 WPJ/RHS

JUDITH SCHLOSSER, et al.,

    Defendants.

## MEMORANDUM OPINION and ORDER DISMISSING CASE

THIS MATTER comes before the Court on: Defendant Johnna Rinquist's Motion to Dismiss [Doc. 9, filed Jan. 11, 2006]; Defendant John Doe I's (TRK Managment Inc.) and Andrea's (Andrea Ettinger) Motion to Dismiss [Doc. 12, filed Jan. 13, 2006]; Defendant Judith Schlosser's Motion to Dismiss [Doc. 29, filed Jan. 30, 2006]; Plaintiff's Motion to Disqualify United States Judge William Johnson [Doc. 41, filed Feb. 9, 2006]; Defendants Bruce Norman's and Catherine Neher's Motion to Dismiss [Doc. 42, filed Feb. 9, 2006]; Defendant Christine Files' Motion to Dismiss [Doc. 44, filed Feb. 15, 2006]; Plaintiff's Motion to Extend Time to Respond [Doc. 45, filed Feb. 16, 2006]; Defendant Walter Courtright's Motion to Dismiss [Doc. 61, filed Mar. 15, 2006]; Defendant John Doe II's (Dave Blossom) Motion to Dismiss [Doc. 63, filed Mar. 23, 2006]; and on the Court's *sua sponte* review of Plaintiff's complaint under 28 U.S.C. § 1915(e)(2). The Court has carefully considered the parties' motions, the pleadings, and the relevant law. Because the Court concludes that Plaintiff Deborah Robinson has failed to state a cognizable federal claim against any of the defendants and that many of her allegations are frivolous, the Court will dismiss the entire complaint.

## I. Plaintiff's Complaint.

Ms. Robinson is proceeding pro se and *in forma pauperis*. Reading her complaint liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), she alleges that she is a disabled female who has been unable to rent an apartment in Los Alamos because Defendants have discriminated against her in violation of the Fair Housing Act and its amendments, *see* 42 U.S.C.A. § 3604[1], and 42 U.S.C. § 1982[2]. Ms. Robinson does not state what her alleged disability is, but discloses that she is prescribed Klonopin[3] "for her disability." Compl. at 3. She has been granted a Section 8 federal voucher to assist her with rental payments.

Except as noted below, most of the defendants are either owners or property managers of apartments located in Los Alamos, New Mexico. Ms. Robinson generally claims that, after she found apartments advertised in the Los Alamos Monitor, "every defendant plaintiff called about the newspaper adds, [sic] refused to show plaintiff the apartments." *Id.* at 4. She also generally alleges that, in telephone conversations

> with defendants about the available apartments, the monthly rental amount was greater with the Section 8 voucher than the monthly amount advertised in the Los Alamos Monitor, or defendants would give an amount greater than the amount of the voucher for those apartments advertised without a rental amount listed, making the apartment units unaffordable for plaintiff.

---

[1] By its terms, the Fair Housing Act prohibits discrimination in the sale or rental of real property on the basis of race, color, religion, sex, familial status, national origin, or handicap. *See* 42 U.S.C. § 3604(a), (f). A handicap is defined as: "(1) a physical or mental impairment which substantially limits one or more . . . major life activities; (2) a record of such an impairment; or (3) being regarded as having such an impairment." 42 U.S.C. § 3602(h).

[2] 42 U.S.C. § 1982 prohibits discrimination with respect to real and personal property rights on the basis of race.

[3] Klonopin is commonly prescribed for epilepsy, anxiety disorders, and panic attacks. *See* http://en.wikipedia.org/wiki/Clonazepam.

*Id.* The Court will address each pending motion below, along with the specific facts related to each motion, beginning with Ms. Robinson's motions.

## II. Plaintiff's Motion to Disqualify.

Ms. Robinson moves for me to disqualify myself under 28 U.S.C. § 455(b)(1), alleging that I have a personal bias or prejudice against her. As support for her motion, she claims that I appear to agree with Defendants because (1) I have not restrained St. Elizabeth's Shelter from evicting her, thereby causing various losses; (2) I denied her a hearing on her request for a temporary restraining order against St. Elizabeth's Shelter; (3) I failed to appoint an attorney to represent her; (4) I failed to grant her request for cash "General Assistance;" and (5) I have not ruled on the various motions filed by Defendants. *See* Pl. Br. at 1-3.

Section 455(b)(1) requires a federal judge to disqualify himself/herself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." § 455(b)(1). But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Further, opinions that I may form on the basis of facts introduced, or events occurring, in the course of the current proceedings do not constitute a basis for a motion to disqualify for bias or prejudice "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*; *see United States v. Young*, 45 F.3d 1405, 1415 (10th Cir. 1995) "*Liteky* teaches that an opinion or disposition may be considered wrongful or inappropriate where it is undeserved, or because it rests upon knowledge that the subject ought not to possess, or because it is excessive in degree."). I have no bias or personal prejudice against Ms. Robinson; my rulings have been necessary for the fair administration of justice to all parties and to manage

3

the Court's docket; and I have no extrajudicial knowledge about this case. Further, a different district court judge denied the restraining order Ms. Robinson requested; she has no right to the appointment of an attorney in these civil proceedings; and I have no authority to grant "General Assistance." Accordingly, Ms. Robinson's motion to disqualify me is denied.

### III. Plaintiff's Motion for Extension of Time in which to Respond.

A review of the record indicates that Ms. Robinson has responded to all but one of the pending motions since her motion for extension was filed on February 15, 2006, and she has had several months to respond to all motions. The Court will consider all of Ms. Robinson's responses, including any that have been untimely filed.

### IV. Discrimination under § 1982.

As several defendants point out, § 1982 prohibits discrimination only on the basis of race, *see Shaare Tefila Congregation v. Cobb*, 481 U.S. 615, 616 (1987), and nowhere in Ms. Robinson's complaint does she allege that any of the defendants discriminated against her on that basis. In one of her responses, she concedes that she is not claiming discrimination on the basis of her race. *See* Pl. Resp. to Def. Christine Files' Mot. to Dismiss [Doc. 53] at 1 ("Defendant Files is also wrong in her response that Plaintiff claimed race; Plaintiff claimed discrimination on sex and disability."). The Court will dismiss all claims for discrimination brought under § 1982.

### V. The Fair Housing Act.

Section 3604(a) of the Fair Housing Act of 1968 (FHA) makes it unlawful to "refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." § 3604(a). It prohibits discriminatory conduct that

4

negatively impacts a protected plaintiff's ability to secure housing. *See Garcia v. Condarco*, 114 F. Supp. 2d 1158, 1162 (D.N.M. 2000) (noting the legislative history of the FHA demonstrating that Congress intended to promote freedom of choice in housing by removing the "opportunity to insult and discriminate against a fellow American because of his color," and that the FHA's protections were "extended to handicapped persons in 1988 because such persons have been the victims of unfair and discriminatory housing practices") (internal quotation marks omitted); *cf. Wilson v. Glenwood Intermountain Props, Inc.*, 98 F.3d 590, 594 (10th Cir. 1996) (noting that the FHA "does not make it unlawful for landlords to give preference to college students over non-students"); *Honce v. Vigil*, 1 F.3d 1085, 1090 (10th Cir. 1993) (holding that the FHA "does not make irrational rental policies illegal").

HUD regulations include as examples of discrimination the refusal to show listings of dwellings in certain areas because of prohibited grounds and hindering the processing of an application made by a renter or refusing to approve such a person for occupancy because of prohibited grounds. *See* Robert G. Schwemm, HOUSING DISCRIMINATION LAW & LIT. § 13:16 (West 2003). Section 3604(a) "does not reach every event that might conceivably affect the availability of housing;" rather, it "is designed to ensure that no one is denied the right to live where they choose for discriminatory reasons." *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 192 (4th Cir. 1999) (internal quotation marks omitted). The FHA permits enforcement by "any person . . . who claims to have been injured by a discriminatory housing practice." 42 U.S.C. § 3602(i)(1).

Section 3604(f)(1)(A) of the Fair Housing Amendments Act (FHAA), similar to § 3604(a), makes it unlawful to discriminate on the basis of handicap. *See* § 3604(f)(1)(A)

(providing that it is unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of--[] that buyer or renter").

The FHAA's guarantee of fair treatment of the handicapped in securing housing may be violated by disparate treatment.  *See Bangerter v. Orem City Corp.*, 46 F.3d  1491, 1501 (10th Cir. 1995).  Disparate treatment can be established either through proof of a facially discriminatory ordinance or through indirect evidence of intentional discrimination via the burden-shifting framework of *McDonell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  See *id.* at 1500 & n. 16.  "The ultimate question in a disparate treatment case is whether the defendant intentionally discriminated against the plaintiff."  *Honce*, 1 F.3d at 1088.  "[A] plaintiff makes out a prima facie case of intentional discrimination under the FHAA merely by showing that a protected group has been subjected to explicitly differential--*i.e.* discriminatory--treatment."  *Bangerter*, 46 F.3d at 1501.

The Court looks to Title VII employment discrimination cases for guidance with regard to FHA housing discrimination claims.  *See Honce*, 1 F.3d at 1088.  Thus, to state a prima facie case for discrimination under the FHA or FHAA, Ms. Robinson must allege facts showing that:  she is a member of a protected class under the statutes; she applied for and was qualified to rent certain property or housing; she was rejected or treated differently because of her protected status; and the housing or rental property remained available thereafter.  *Cf. Selden Apartments v. United States Dep't of Housing & Urban Dev.*, 785 F.2d 152, 159 (6th Cir. 1986).

## VI.  Defendants' Motions to Dismiss.

The purpose of a motion to dismiss is to test "the sufficiency of the allegations within the

four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  It is well settled that a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hall*, 935 F.2d at 1109 (internal quotation marks omitted).

**A. Defendant Rinquist's Motion.**  Ms. Robinson alleges that Defendant Rinquist, who manages an apartment building, discriminated against her by telling her that (1) the only apartment that would be available for rent was a two-bedroom, which a single renter would not be allowed to rent and (2) she would place Ms. Robinson's name on a waiting list as soon as Ms. Robinson filled out a rental history and rental agreement form; (3) and that, after reviewing her application, she took Ms. Robinson's name off of the waiting list because of Ms. Robinson's past poor rental history and evictions.  *See* Compl. at 5-6.  Rinquist contends that these facts do not state a claim for discrimination under the FHA or FHAA.

In response, Ms. Robinson asserts that the motion to dismiss should not be "processed" because the motion has the wrong case number and judge's initials on it.  The Court construes this argument as a motion to strike.  But Ms. Robinson is not prejudiced by this technical error, and the Court will not strike the motion to dismiss on that basis.  Ms. Robinson next argues that Defendant's motion does not correctly state what she is complaining about.  But Ms. Robinson points to no other acts by Rinquist that may be considered as discriminatory.

Ms. Robinson's allegations are not sufficient to allege discrimination on the basis of disability, and when given a chance to respond, Ms. Robinson did not point to any other facts that would entitle her to relief.  The Court concludes that Rinquist's motion to dismiss should be

7

granted.

**B. Defendant John Doe I's (TRK Managment Inc.) and Andrea's (Andrea Ettinger) Motion to Dismiss**.

Ms. Robinson alleges that Andrea, acting for TRK Management, stated that she would need a financial statement and a $600 security deposit in order to rent an apartment, which "makes the apartment inaccessible to plaintiff." Compl. at 6. She also alleges that Andrea told her that she would have to fill out a Section 44 voucher, which would take about two weeks to be completed before the apartment could be rented. According to Ms. Robinson, a two-week delay would cause Ms. Robinson to lose her Section 8 voucher that would expire on January 2, 2006. *See id.* at 5-6. Defendants contend that these facts do not state a claim for discrimination.

In response, Ms. Robinson argues that Defendants' attorney should be removed from this case because she represented other nonparty individuals who had evicted her in the past; that the $600 deposit prevents a disabled person on SSI or New Mexico General Assistance with a Section 8 voucher from renting the apartment; that there is no basis for the complaint to be dismissed; and that the action should move forward "on the grounds of Due Process and Plaintiff's other Constitutional Rights." Pl. Resp. at 1-2.

The Court concludes that Ms. Robinson has failed to state a claim against these Defendants. There is no allegation that the $600 security deposit is required only from handicapped persons. No facts support a claim that due process or other constitutional rights have been violated by Defendants' conduct or requirements. That a specific person cannot afford to pay a security deposit does not make requiring the deposit discriminatory. The Court will not remove Defendants' attorney; her representation of other individuals who have had dealings with

8

Ms. Robinson is irrelevant to the case at bar.

### C. Defendant Judith Schlosser's Motion to Dismiss.

Defendant Schlosser is the Housing Programs Manager of Los Alamos County. Ms. Robinson alleges that she applied for a Section 8 voucher through Schlosser, which was granted. She states that Schlosser told her that all she had to do was find a house or apartment and have the landlord sign a landlord/tenant agreement. *See* Compl. at 4. Schlosser also allegedly told Ms. Robinson that apartment owners did not have to accept Section 8 vouchers or rent to her, *id.*; that the defendants had the right to use their own rental agreements and rental history forms, *id.* at 5; that she could refuse to fill out paperwork requesting her rental history, *id.* at 6; that the Section 8 voucher would not cover the $600 security deposit, *id.* at 7; and that she had never heard of a Section 44 voucher, *id*.

Schlosser attached an affidavit to her motion to dismiss. But because Schlosser also contends that the facts as stated by Ms. Robinson do not state a claim for discrimination, the affidavit is not necessary to the resolution of this motion, and the Court has excluded it. *See* Fed. R. Civ. Pro. 12(b).

In response to the motion to dismiss, without citing authority, Ms. Robinson contends that Schlosser, a county employee, is an agent of the federal Section 8 Housing Authority and, as such, has a duty to assure that no discrimination takes place regarding renters who have Section 8 vouchers. She contends that taking "the side of a landlord, who refuses to rent . . . is discrimination . . . ." Pl. Reply at 1. The Court disagrees. Nothing in Ms. Robinson's complaint states a claim against Schlosser for violation of the FHS or FHAA or for discrimination, and the complaint against her should be dismissed.

9

**D. Defendants Bruce Norman's and Kathleen Neher's Motion to Dismiss**.

Ms. Robinson's complaint does not name Kathleen Neher as a defendant, but Neher has identified herself as the defendant Ms. Robinson called "Catherine," who managed an apartment building Ms. Robinson contacted. Ms. Robinson alleges that Neher told her she would have to climb stairs in the apartments, "making it impossible for plaintiff to rent." Compl. at 4. She also alleges that Neher told her she had to have SSI, General Assistance, or a full time job to rent the apartment, as a "Section 8 Voucher and Pell Grant and housing monies from UNM-LA would not be acceptable." *Id.* Neher also allegedly stated that the apartment building's rental forms were the only rental agreement forms it accepted. *Id.* at 5.

Defendant Norman, another apartment manager, allegedly told Ms. Robinson that he had an apartment available, but he could not show it to her because his wife had taken her son to the doctor; that he was showing the apartment to a man and that he would call her back the next day so she could see it. *See id.* at 7. She asserts that he never called her back. *See id.* She also alleges that Norman expressed "a fear of drugs and alcohol in his apartments." *Id.*

Defendants move to dismiss only the claims brought under § 1982, which the Court addressed *supra*. In response, Ms. Robinson states that she is part Cherokee Indian and part Wendish. Pl. Resp. [Doc. 50] at 1. The Court concludes that, even if Ms. Robinson is part Cherokee and part Wendish, nothing in her complaint even remotely implies that she was discriminated against on the basis of her race. The Court will grant the motion to dismiss the claims brought under § 1982.

**E. Defendant Christine Files' Motion to Dismiss**.

Defendant Files owns a duplex in Los Alamos where Ms. Robinson formerly lived with her

10

mother, Eveline Robinson. Ms. Robinson claims that she was evicted from the duplex "when the money ran out." Compl. at 8. But Ms. Robinson alleges that it was *her mother* who evicted her by refusing to allow her "to find Pell Grant paint in the house, that Eveline Robinson had hidden or thrown away." *Id.* Ms. Robinson states that Files testified at a state-court hearing that "she did not evict plaintiff," but faults Files because the "eviction took place in defendant Files' house." *Id.*

Files moves to dismiss only those claims brought under § 1982, and the Court has determined, *supra*, that they must be dismissed. But Ms. Robinson asserts that Files' motion to dismiss was untimely filed after the deadline to file an answer, thereby waiving her right to respond. *See* Pl. Resp. [Doc. 53] at 1. The Court construes Ms. Robinson's response as a motion to strike Files' motion to dismiss.

Files was served on January 13. *See* Doc. 20. Despite the fact that she timely contacted an attorney, who entered an appearance on her behalf on January 27, *see* Doc. 26, the attorney inexplicably filed no answer within twenty days of service, and the motion to dismiss was not filed until February 6. Because Files' motion to dismiss was, indeed, untimely filed, and her attorney failed to move for an extension of time in which to file the motion, the Court will strike the motion to dismiss.

### F. Defendant Walter Courtright's Motion to Dismiss.

Ms. Robinson alleges that Defendant Courtright's wife told her that they had an apartment opening up in mid-December and accepted Section 8 vouchers, but that Mr. Courtright could not allow her into the apartment until after December 2005. Compl. at 7. Ms. Robinson states that her Section 8 voucher expired on January 2, 2006. Courtright moves to dismiss only those claims

11

brought under § 1982, which the Court has already determined must be dismissed, *supra*, and the motion will be granted.

### G.  Defendant John Doe II's (Dave Blossom) Motion to Dismiss.

Ms. Robinson alleges that Defendant Blossom

> was never available, his office was always closed and he never answered the telephone.  Defendant did call St. Elizabeth's shelter and left a message for plaintiff, but not whether there was still an apartment available as advertised in the Los Alamos Monitor, or if plaintiff could have an interview with defendant.

Compl. at 6.  Blossom, appearing pro se, moved to dismiss the complaint for failure to state a claim in his original answer and then later supported his motion in an amended motion to dismiss. In response, Ms. Robinson contends that Blossom's amended motion to dismiss should be stricken because the Court refused to allow Ms. Robinson to amend her complaint.  But Ms. Robinson's proposed Amended Complaint did not add any facts regarding Blossom and, in fact, had no connection to the allegations made in her original complaint.  *See* Doc. 55 (order dismissing second complaint).  Ms. Robinson is not prejudiced by the amended motion to dismiss; it simply fleshes out Blossom's original contention that Ms. Robinson's complaint against him should be dismissed for failure to state a claim.  The Court concludes that the amended motion should not be stricken.

Upon reviewing the complaint, the Court further concludes that all claims against Blossom should be dismissed.  Having never talked with Blossom and having only made a voice-mail inquiry into an apartment's availability, Ms. Robinson fails to state a claim for discrimination and there is no set of facts under which Ms. Robinson would be entitled to relief.

### VII.  *Sua sponte* review under 28 U.S.C. § 1915(e)(2).

The Court should dismiss an *in forma pauperis* complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) if "the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted."  The Court will dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall*, 935 F.2d at 1109 (internal quotation marks omitted).  In reviewing Ms. Robinson's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel, but is mindful that the complaint must be liberally construed.  *See id.*  But "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of alleging sufficient facts on which a recognized legal claim could be based."  *Id.*

The only claims that remain are for discrimination under the FHA and FHAA against Defendants Norman, Neher, Files, and Courtright as property owners or managers, and those brought against Defendants Tang and Montez, who are employed by St. Elizabeth's Shelter, a nonprofit organization in Santa Fe that provides temporary, transitional, emergency shelter for the homeless.  St. Elizabeth's also operates an apartment building called Casa Cerrillos, which is used for transitional housing.

### A.  Claims against property owners or managers.

The Court concludes that, on the facts presented as set forth above, which were taken from her complaint and her responsive filings, Ms. Robinson cannot state a claim for discrimination under § 3604 against Norman, Neher, Files, or Courtright.  Even after having been given an opportunity to state further facts, Ms. Robinson has not stated any facts even coming

13

close to supporting a claim that these defendants intentionally discriminated against her by refusing to rent to her because of an alleged disability or her gender. Therefore, there is no need to provide Ms. Robinson an opportunity to amend her complaint. *See id.* Further, Ms. Robinson contends, and the Court must accept this contention as true, that "almost every defendant knows Eveline Robinson, or has heard of her and her credit/rental history, and plaintiff's association with her." Compl. at 6. It does not violate the FHA or the FHAA to refuse to rent to persons with bad credit or rental histories. Even though she is apparently homeless, Ms. Robinson has no constitutional or statutory right to rent a particular apartment at a price that she can afford.

### B. Claims against Defendants Tang and Montez.

Ms. Robinson claims that she is "associated with St. Elizabeth's Shelter." Compl. at 3. Defendant Tang is the Executive Director of St. Elizabeth's, and Defendant Montez is a case manager there. Ms. Robinson alleges, and Montez admits, that Montez tried to assist Ms. Robinson in obtaining permanent housing. *Id.* at 9; Def. Montez's Answer [Doc. 35] at 2. In her complaint, Ms. Robinson alleges that Montez "will not allow plaintiff the right to move in to Casa Cerrillos, because it costs $365.00 per month, and no one has been willing to hire plaintiff, except The New Mexican, who stopped picking plaintiff up at the end of the work day." Compl. at 9. She then states that she "does not wish to live at Casa Cerrillos but it is preferable to living on the street or at St. Elizabeth's overflow for women." *Id.*

In Defendants' answer, Montez states that he offered to place Ms. Robinson on the waiting list at Casa Cerrillos, but she refused. Def. Ans. at 2. In her response to the answer, Ms. Robinson does not contest that assertion, which is consistent with the statement in her complaint that she did not want to live there. Instead, she simply claims that, "Defendants would not allow

Plaintiff to rent one of their apartments." Pl. Resp. [Doc. 52] at 1. Montez granted Ms. Robinson extensions to stay at St. Elizabeth's beyond the time transient individuals are generally allowed to stay there. Compl. at 9. Before she was asked to leave the temporary shelter, Defendants also offered Ms. Robinson an opportunity to live in the home of an elderly lady who needed care, which Ms. Robinson declined because it allegedly would prevent her from finishing her degree at UNM-LA. *See id.*

Ms. Robinson's complaint further alleges that some of her personal items were "lost or stolen at St. Elizabeth's Shelter." *Id.* at 10. She requested an injunction prohibiting St. Elizabeth's from requiring her to leave and from removing her personal property from the premises. *Id.* at 11. But in her response to Defendants' answer, she asserts that Defendants did not allow her to remove her personal property "in the agreed time," and that they should "still have the boxes and furniture she owned on their premises." Pl. Resp. at 1.

In their answer, Defendants assert as an affirmative defense that these facts fail to state a claim against them. Def. Ans. at 3. The Court concludes that the alleged facts do not state a federal claim for discrimination or for violation of the FHA or FHAA, nor do they come close to doing so. At most, Ms. Robinson asserts a state-law claim for conversion of property. Nothing in her stated facts implies or infers that the reason Ms. Robinson was asked to leave the shelter was because of her alleged handicap, or that she was treated differently from other transients. No facts infer that an apartment was ever available at Casa Cerrillos; in fact, Ms. Robinson's facts indicate that none were available and she was invited to be placed on a waiting list. Nothing in her stated facts indicate that Ms. Robinson had a property right or expectation that was taken away without due process. The federal claims must be dismissed. Insofar as Ms. Robinson's complaint and subsequent submissions may be read to include a state-law claim for conversion

15

against Defendant Tang, as the executive director of St. Elizabeth's Shelter, the Court will not exercise supplemental jurisdiction, *see* 28 U.S.C. § 1367(c)(3), and it will be dismissed without prejudice.

**NOW, THEREFORE, IT IS ORDERED** that Defendant Johnna Rinquist's Motion to Dismiss [Doc. 9] is GRANTED; Defendant John Doe I's (TRK Managment Inc.) and Andrea's (Andrea Ettinger) Motion to Dismiss [Doc. 12] is GRANTED; Defendant Judith Schlosser's Motion to Dismiss [Doc. 29] is GRANTED; Plaintiff's Motion to Disqualify United States Judge William Johnson [Doc. 41] is DENIED; Defendants Bruce Norman's and Catherine Neher's Motion to Dismiss [Doc. 42] is GRANTED; Defendant Christine Files' Motion to Dismiss [Doc. 44] is DENIED; Plaintiff's Motion to Extend Time to Respond [Doc. 45] is GRANTED; Defendant Walter Courtright's Motion to Dismiss [Doc. 61] is GRANTED; Defendant John Doe II's (Dave Blossom) Motion to Dismiss [Doc. 63] is GRANTED;  and

**IT IS FURTHER ORDERED** that all claims for discrimination or for violation of the FHA or FHAA against all Defendants are DISMISSED with prejudice and that any claim for conversion of property against Defendant Tang as the executive director of St. Elizabeth's Shelter is DISMISSED without prejudice; and

**IT IS FURTHER ORDERED** that any pending motions that have not been addressed in this memorandum opinion and order are **DENIED** as moot, and that Ms. Robinson may file no other documents in this case.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall not accept for filing in this case any further documents or pleadings by Ms. Robinson other than a notice of appeal.

_____
UNITED STATES DISTRICT JUDGE

16